(45 Misc. Rep. 605)

### ROSEN v. VOORHIS et al.

(Supreme Court, Appellate Term. December 7, 1904.)

1. CONVERSION—FACTS TO ESTABLISH—COMPENSATION OF ELECTION OFFICERS.

Plaintiff, to whom an inspector of election assigned his claim for services, and who received from the inspector a card not included or referred to in the assignment, but certified to bear the signature of the inspector, and who filed it, in accordance with the directions thereon, at the branch office of the board of elections, cannot maintain an action for conversion

thereof against the board of elections because their agent thereafter refused to return it; it being of no intrinsic value, and plaintiff being without any right to its possession at the time of demanding it; Election Law (Laws 1896, p. 900, c. 909) § 12, providing merely that an election officer shall receive a certificate of appointment, and be paid on the certificate of the board or officer appointing him; and the board of elections having, pursuant to such law, provided the form of certification of appointment; and the certification on the pay rolls of the services performed by election officers, and the issuing of cards like that in question, being a detail inaugurated by such board in the exercise of its administrative discretion.

Appeal from City Court of New York, Special Term.

Action by Harry Rosen against John R. Voorhis and others. From a judgment and order setting aside the verdict and dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Nathaniel Levy, for appellant.

John J. Delany, for respondents.

GILDERSLEEVE, J. Fifty-one men, having been duly appointed, qualified and served as inspectors of election at the primary election held March 29, 1904, in the county of New York. For this service each inspector was entitled to receive as compensation $5 from the comptroller of the city of New York. Said inspectors duly assigned, in writing, to one Louis Jaretsky, their several claims for services above stated, and each delivered to him a card bearing the signature, respectively, of each inspector. The following is a copy of the card of Inspector of Election Bernard B. Walsh, in words and figures, viz.:

"Board of Elections—City of New York,
"Branch Office, 112 West 42nd Street,
"Borough of Manhattan,
"March 30, 1904.

"Bernard B. Walsh (signature of inspector).
"I hereby certify (for the purposes of identification), that, to the best of my knowledge and belief, the above signature was written by the person whose name it represents, his name appearing upon the pay roll, and who qualified and served as inspector of election at the primary election held March 29, 1904, in the 102 election district, 1 assembly district, County of New York.
"Wm. C. Baxter,
"Chief Clerk.

"Branch Office of the Board of Elections,
"Borough of Manhattan.
"To City Paymaster,
"65 Reade Street, Manhattan.

"To be signed and filed in the Borough Office, Board of Elections, March 30th, 1904."

Said Jaretsky thereafter filed the 51 cards at the branch office of the board of elections, in compliance with the directions appearing thereon, and, upon being refused the return of the cards, with the certificate of the "Chief Clerk, Branch Office of the Board

of Elections, Borough of Manhattan," attached thereto, made assignment of the cards to the plaintiff herein. The plaintiff brings this action for the conversion of said cards by the defendants, the members of the board of elections of the city of New York, through their agent at their borough office in Manhattan.

Upon the trial below the court directed a verdict for the plaintiff, and thereafter, on a motion for a new trial, set aside the verdict and dismissed the complaint. From the order setting aside the verdict and from the judgment the plaintiff appeals to this court.

Section 12 of the election law (Laws 1896, p. 900, c. 909), providing for the appointment of election officers, is in part as follows:

"* * * Every person so sworn as an election officer shall receive a certificate of appointment and qualification signed by the person who administered the oath, in such form as may be approved by the board or officer by which or whom he was appointed, and specifying the capacity and election district in which he is to serve and the date of the expiration of the term of his office. * * *"

And the closing sentence of said section 12 provides:

"* * * Such officers shall be paid by the comptroller of the respective cities within twenty days after the election at which such officer served, upon the certificate of the board or officer appointing them. * * *"

And these are the only provisions in the statute providing for or referring to a certification by the board of election of services rendered by the election inspectors.

Pursuant to these provisions of law, the defendants did in fact provide the form of certification of appointment, and the certification on the pay rolls of the services performed by the different election officers. This constituted a full compliance with the law by the defendants, and completed every certification required of them by the statute.

To entitle the plaintiff to succeed in this action, it must appear from the evidence that the cards in question had some intrinsic value, were the property of plaintiff, and that he was entitled to the possession thereof at the time of making the demand therefor. These elements are wanting in this case. The evidence shows that the cards in question were delivered by the board of elections to the several inspectors, that they might be filed in the respective borough offices, so that an opportunity might be afforded to identify in an efficient manner the signatures of the inspectors appearing thereon. The issuing of the cards was a detail inaugurated by the board of elections in the exercise of their administrative discretion in discharging the duties imposed upon them by law. The cards were not included or referred to in the assignments to the plaintiff's assignor by the several inspectors of their claims for services. The plaintiff received from his assignor no title to the cards or right to their possession. At the most, the plaintiff's custody of the cards was strictly a limited possession, which he voluntarily surrendered in accordance with the terms of the writing on the cards themselves. It seems clear, from a careful consideration of all the testimony, that plaintiff was without any right whatsoever

to the possession of the cards at the time he made demand therefor.   There is a total failure of facts essential to establish a cause of action in conversion.

The judgment and order appealed from must be affirmed, with costs to the respondents.   All concur.